## Bernard v. McFarland, County Treasurer.

(Decided Feb. 9, 1937.)

O. B. BERTRAM for appellant.

MONTGOMERY & MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

L. E. Bernard, former county judge of Russell county, brought this action against J. R. McFarland, treasurer of Russell county, to recover the sum of $671.69, the amount due him on salary claims for the year 1933. From a judgment sustaining a demurrer to, and dismissing, the petition as amended, Bernard appeals.

The facts relied on for recovery are in brief as follows: In the year 1929 appellant was elected county judge of Russell county for a term of four years. He qualified on the first Monday in January, 1930, and served until the first Monday in January, 1934. His salary as county judge was fixed at $91.67 a month. J. R. McFarland is the treasurer of Russell County. During the months of April, May, June, July, September, October, 1933, and January, 1934, there were issued to appellant salary claims aggregating $671.69. Each claim was presented to the county treasurer, who indorsed same "No funds on hand with which to pay this. It bears six per cent interest from date." From

the county levy for the year 1933 there was available about $8,000. Of this amount the sheriff paid to the treasurer the sum of $6,516.23 between the first of the year and August 1, 1934. The claims allowed appellant for salary were part of the fixed and governmental charges for the year 1933, and the taxes collected for that year were more than sufficient to have paid such charges had the taxes or revenue been so applied. Instead of applying the funds to the fixed and governmental purpose for the year 1933, the treasurer paid out $2,782.50 on claims payable out of the general fund for years other than the year 1933, and the sum of $1,469.07 in payment of officers' salaries for the year 1934. By reason of the misapplication of the funds coming into his hands there was left no part of the revenue out of which to pay appellant's claim. The treasurer kept, or it was his duty to keep a record or register showing the date each of the claims was allowed, the number thereof and the date when presented for payment, and should have called in for payment the warrants or claims allowed by the fiscal court in the order in which they were allowed and presented, first allowing claims in payment of the governmental fixed charges of the county. All this the treasurer refused to do, and by reason thereof appellant has been prevented from collecting his claims.

In support of the cause of action the argument is as follows: Revenue collected for a particular purpose can be expended for no other purpose. Section 180, Constitution; Section 428lu-2, Kentucky Statutes. Where a debt is created in one year, and the tax levied to pay it is not collected during the year, the tax when collected must be applied to the payment of the debt. Salaries of officers provided by the Constitution are preferred claims, and entitled to prior payment over permissible expenses. The county treasurer shall keep a ledger in which he shall enter the date each claim is presented for payment, the amount allowed and to whom payable. If the treasurer has no funds in his hands with which to pay a claim at the time it is presented, it is his duty when he has received funds sufficient to pay the same to call in the claim for payment in the order in which they were presented. Breathitt County v. Cockrell, Jailer, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626. The county treasurer is the agent

212

and employee of the county, and is liable to a party injured by his unlawful acts in paying out funds coming into his hands in violation of law. Section 428lu-2, Kentucky Statutes, supra. It is true that taxes levied and collected for one purpose may not be expended for another. It is also true that, if any money or taxes shall be expended for another purpose than that for which levied and collected, the officer or officers, agents, or employees who could, by refusal to act, have prevented the expenditure, and the members of the fiscal court of the county, and the members of the common or general council of the city, and members of the board of trustees of the town who voted for the expenditure, are jointly and severally liable, but the liability is to "the county, city or town" for the amount of its money or taxes so expended. Section 428lu-2, Kentucky Statutes, supra. Whether the county treasurer is an officer within the meaning of the statute whose failure to act would make him personally liable to the county, city, or town, we deem it unnecessary to decide. The statute does not make him liable to any one else. Therefore, liability can only arise from some principle of law applicable to the situation. We know of none. The act of the treasurer has not caused appellant to lose his claim. The claim being one for the fixed governmental expense of the county, it is not subject to any defense, and there are appropriate remedies for enforcing its payment. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.